J-S02037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BASS PRO OUTDOOR WORLD LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HARRISBURG MALL LIMITED | : | No. 1085 MDA 2022 |
| PARTNERSHIP | : | |

Appeal from the Order Entered July 8, 2022
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2018-CV-06921-CV

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED: MAY 24, 2023**

Appellant, Bass Pro Outdoor World LLC ("Tenant"), appeals from the order entered in the Dauphin County Court of Common Pleas granting the Motion for Summary Judgment filed by Harrisburg Mall Limited Partnership ("Landlord") and the order denying Tenant's Motion for Summary Judgment. Taken together, the trial court orders determined that the lease between Tenant and Landlord did not require Landlord to indemnify Tenant for the costs Tenant incurred in defending a slip and fall case. We reverse the orders and remand with instructions.

The relevant facts and procedural history are as follows. In 2003, Tenant entered into a lease agreement ("Lease") with Feldman Lubert Adler Harrisburg LP for a retail location in the Harrisburg Mall. In June 2012,

Landlord acquired the Harrisburg Mall and assumed the rights and responsibilities set forth in the Lease.

The Lease includes a "General Definitions" section which defines the "Common Areas" as including, *inter alia*, parking areas and facilities. Lease, 9/30/03, at § 1.3(a). Pursuant to the Lease, Landlord's maintenance obligations extended to all parking lots. *Id.* at 6.1(c). Landlord agreed to maintain the Common Areas, at its sole cost and expense, in good and safe condition. *Id.* at § 6.1(a).

Critical to our analysis is that the Lease contained an indemnification provision, which provided that Landlord must indemnify Tenant for, *inter alia*, any lawsuit arising from the maintenance of the Common Areas:

> Notwithstanding anything to the contrary contained herein, except for the negligent acts of Tenant, Landlord agrees to indemnify and hold Tenant harmless with respect to any and all claims, actions, injuries, damages, liability, costs and expense, including reasonable attorney's fees, arising with respect to the possession, use, occupancy, management, repair, maintenance or control of the Common Areas[.]

*Id.* at § 6.1(c). This provision, however, relieves the Landlord from the obligation to indemnify Tenant if the claim arises from the negligent "acts" of Tenant. *Id.*

**The Johnson Action**

On July 11, 2017, Janet and Dale Johnson filed a Complaint against Tenant and other defendants, but not Landlord, alleging that Mrs. Johnson tripped and fell over a piece of rebar protruding from pavement while walking through the parking lot outside of Tenant's Harrisburg Mall location. Mrs.

Johnson asserted, *inter alia*, that Tenant was negligent in failing to properly maintain the public parking lot area and in failing to "notify the appropriate entity and/or individuals responsible for repairing and/or correcting any hazardous condition or defect located in the public parking area[.]" Johnson Complaint, 7/11/17, at ¶ 27(c).

Following discovery, Tenant filed a Motion for Summary Judgment asserting that the Johnsons had not provided any evidence, beyond mere speculation, of the location where Mrs. Johnson fell, let alone the existence of a dangerous condition at the location. Thus, Tenant concluded that because the Johnsons could not prove that a specific, dangerous condition had caused Mrs. Johnson's fall, they had not presented a *prima facie* negligence claim.

The trial court agreed, granted Tenant's Motion for Summary Judgment, and dismissed the Johnson's claims against Tenant. At no point during the Johnson Action did the plaintiffs establish that Tenant engaged in negligent "acts."

**The Instant Action**

On October 19, 2018, Tenant filed a Complaint against Landlord, asserting claims for Breach of Contract and Negligence and seeking to enforce the indemnification provision of the Lease.[1] Tenant alleged that it was entitled to, *inter alia*, reimbursement of its costs of defense from the Johnson Action.

---

[1] Tenant filed its Complaint against Landlord during the pendency of the Johnson Action.

Following completion of discovery, Tenant filed a Motion for Summary Judgment seeking judgment as a matter of law against Landlord. Tenant asserted that the record demonstrated that Landlord breached its Lease with Tenant by refusing to indemnify it for the costs of defense of the Johnson Action.[2]

Landlord responded with its own Cross-Motion for Summary Judgment. Landlord argued that it was not obligated to indemnify Tenant because the Johnsons had **alleged** that Tenant had been negligent and the indemnification provision in the Lease did not apply to claims of negligent "acts" of Tenant. Response, 3/4/22, at 7 (quoting Lease at § 6.1(c)).

The trial court entered an order denying Tenant's motion. The court concluded that because the Johnson plaintiffs had **alleged** that Tenant was negligent in failing to notify Landlord of the need for parking lot repairs, this **alleged** negligence relieved Landlord of its obligation to indemnify Tenant. Using the same reasoning, the trial court granted Landlord's Cross-Motion for Summary Judgment.

Tenant appealed both orders. Both Tenant and the trial court complied with Pa.R.A.P. 1925.

Tenant raises the following issue on appeal:

Whether the trial court committed reversible error in granting [Landlord's] Motion for Summary Judgment and denying [Tenant's] Motion for Summary Judgment pursuant to the clear

---

[2] Tenant also asserted that the doctrine of equitable estoppel precluded Landlord from asserting that it had no obligation to indemnify Tenant.

- 4 -

and unambiguous terms of the parties' contractual lease agreement requiring [Landlord], as landlord, to hold [Tenant], as tenant, harmless with respect to any and all claims, actions, injuries, damages, liability, costs and expenses, including reasonable attorney's fees, arising with respect to the possession, use, occupancy, management, repair, maintenance or control of the common areas.

Tenant's Brief at 5.

**A.**

Our Supreme Court has clarified our role as the appellate court as follows:

> On appellate review [ ], an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation marks omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted); *see also* Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Summers*, 997 A.2d at 1159. "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact

against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." ***Id.*** (citation and internal quotation marks omitted).

The instant dispute involves the interpretation of the Lease between the parties. "A lease is a contract and is to be interpreted according to contract principles." ***Hutchison v. Sunbeam Coal Corp.***, 519 A.2d 385, 389 (Pa. 1986). Because contract interpretation is a question of law, our standard of review is *de novo*, and the scope of review is plenary. ***Ragnar Benson Inc. v. Hempfield Twp. Mun. Auth.***, 916 A.2d 1183, 1188 (Pa. Super. 2007).

Our Supreme Court has set forth the principles governing contract interpretation as follows:

> The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties. In cases of a written contract, the intent of the parties is the writing itself. Under ordinary principles of contract interpretation, the agreement is to be construed against its drafter. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. . . . While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact.

***Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.***, 905 A.2d 462, 468-69 (Pa. 2006) (citations omitted).

**B.**

Tenant claims that the trial court erred in interpreting the indemnification provision of the Lease in Landlord's favor. Tenant's Brief at 16-31. It argues that the plain language of the Lease requires Landlord to indemnify it for costs it incurred in defending against the Johnson Action

because the trial court in the Johnson Action dismissed the negligence claims against Tenant. *Id.* at 25.

Following our review of the plain language of the relevant provision of the Lease, we agree with Tenant that the trial court erred in interpreting the indemnification provision as relieving Landlord from its obligation to indemnify Tenant for the cost of defense in the Johnson action. As stated above, the Lease only relieves Landlord from the duty to indemnify Tenant when Tenant has engaged in negligent **acts**:

> Notwithstanding anything to the contrary contained herein, **except for the negligent acts of Tenant**, Landlord agreed to indemnify and hold Tenant harmless with respect to any and all claims, actions, injuries, damages, liability, costs and expense, including reasonable attorney's fees, arising with respect to the possession, use, occupancy, management, repair, maintenance or control of the Common Areas[.]

Lease § 6.1(c).

The Lease clearly and unambiguously relieves Landlord from its indemnification obligation only when Tenant actually engages in negligent "acts." It does not cover claims **alleging** negligent "acts." To accept the trial court's interpretation of this provision requires us to re-write this provision to relieve Landlord from its obligation to indemnify when a party **alleges** that the Tenant was negligent. We cannot and will not do so.[3]

---

[3] Furthermore, we respectfully disagree with the dissent's conclusion that Landlord's duty to indemnify is only triggered when a damages award is entered against Tenant in a third-party action. *See* Dissent at 3-4. The clear and unambiguous language of the indemnification provision requires Landlord

*(Footnote Continued Next Page)*

- 7 -

Following our review, we find that there was no evidence that Tenant engaged in negligent acts. At best, the Johnsons merely alleged that Tenant did so. This finding is supported by the trial court's determination that the Johnsons failed to establish that Tenant was negligent and dismissal of the Johnsons' negligence claims against Tenant.

As stated above, pursuant to the clear and unambiguous language of the Lease, an allegation of Tenant's negligence, without more, is not sufficient to relieve Landlord of its indemnification obligation. Rather, the Lease requires that Tenant engaged in a negligent "act." Because there is no evidence that Tenant engaged in a negligent "act," the Lease obligates Landlord to indemnify Tenant for its costs of defense for the Johnson Action. The trial court, therefore, erred in reaching a contrary conclusion.

**C.**

In light of the foregoing, we reverse the trial court's July 8, 2022 order granting summary judgment in favor of Landlord. We also reverse the trial court's June 7, 2022 order denying Tenant's Motion for Summary Judgment, and we remand for the court to enter an order granting Tenant's Motion for Summary and determine the amount of Tenant's damages.

---

to indemnify Tenant "with respect to any and all **claims, actions, injuries, damages, liability, costs and expense**" that arise from possession or use of the Common Areas. Here, the Johnson Action—which brought claims arising from use of the common parking area—triggered the indemnification provision.

June 7, 2022 order reversed. July 8, 2022 order reversed. Case remanded with instructions. Jurisdiction relinquished.

President Judge Panella joins the memorandum.

Judge Olson files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2023